IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELIAS VEGA, § | |
|     PETITIONER, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:08-CV-213-A |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
|     RESPONDENT. § | |

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER</u>

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>

A.    NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.    PARTIES

Petitioner Elias Vega, TDCJ-ID #1322597, is confined by the Texas Department of Criminal Justice, Correctional Institutions Division, in the Allred Unit in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.    CASE HISTORY

Vega pleaded guilty in Cause No. 0939071D in Criminal District Court No. 1, Tarrant

County, Texas, to the offense of possession with intent to deliver cocaine in an amount of 400 grams or more and to the deadly weapon notice also alleged in the indictment, but elected to have a jury assess punishment. (Clerk. R. 2; 2 Rep. R. 7-11, 14, 18, 96-97). The jury assessed a punishment of seventy years' imprisonment and a $250,000 fine, and the court entered judgment accordingly. (Clerk's R. 27, 30). The Texas Court of Appeals affirmed the judgment, and the Court of Criminal Appeals refused Vega's petition for discretionary review. *See Vega v. State*, No. 2-05-299-CR (Tex. App.–Fort Worth Nov. 30, 2006, pet. ref'd).

Vega's state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals without written order. *Ex parte Vega*, No. WR-69,043-01 at cover (Tex. Crim. App. Jan. 23, 2008). Vega filed his federal petition for writ of habeas corpus on March 31, 2008.[1]

D.  ISSUES

Vega alleges the following as grounds for relief:

1. He was denied due process during the state habeas proceedings;

2. His conviction is the product of an illegal search and seizure;

3. The state withheld exculpatory information and misled the jury;

4. He was denied his rights under the Confrontation Clause;

5. He was denied the effective assistance of counsel at trial and on appeal;

6. The evidence was insufficient to support the deadly weapon finding; and

7. The trial court committed a sentencing error.

---

[1] Vega signed and dated his petition on February 29, 2008. Generally, a federal petition is deemed filed on the date the petitioner executed his petition and presumably deposited it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998). Respondent has provided evidence that Vega deposited no mail in the prison mailroom between February 29, 2008 and March 31, 2008; therefore, the court is using the file-stamped date of March 31, 2008. (Resp't Answer, Ex. A).

E.      RULE 5 STATEMENT

Respondent does not challenge the timeliness of the petition and agrees that Vega has sufficiently exhausted available state remedies on the issues as presented.

F.      LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim—
>           (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>           (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough—the standard is one of objective reasonableness. *Id.* In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This deference extends not only to express findings of fact, but to the implicit findings of the state court.

*Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).

G.  DISCUSSION

   1.  State Habeas Proceedings

Vega asserts that he was denied due process because the state district court recommended that his application for writ of habeas corpus be dismissed for violations of state procedural rules without first providing him with an opportunity to amend his application and bring it into compliance.  (State Habeas R.  32).  Errors in state post-conviction proceedings will not entitle a petitioner to federal habeas relief because the attack is on a proceeding collateral to the detention and not the detention itself.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).  Moreover, the Texas Court of Criminal Appeals did not dismiss Vega's application for procedural non-compliance, but denied the application without written order.  *Ex parte Vega*, No.  WR-69,043-01 at cover.  Under Texas law, the Texas Court of Criminal Appeals' denial of relief, as distinguished from a dismissal, constitutes an adjudication on the merits.  *Jordan v. Dretke*,  416 F.3d 363, 367 n.5 (5th Cir. 2005); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

   2.  Search and Seizure

Vega complains that his conviction is a result of an illegal search and seizure of drugs, money, and guns that were found in a vehicle in which he was a passenger.  Because Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues, the federal courts are precluded from reviewing his complaint.  *See Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *ShisInday v. Quarterman* , 511 F.3d 514, 525 (5th Cir. 2007); *Bridgers v. Dretke*, 431 F.3d 853, 861 (5th Cir. 2005).  Moreover, a knowing and voluntary

guilty plea waives all preceding non-jurisdictional defects, including Fourth Amendment claims. *See Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir. 1986); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985).

    3.    Prosecutor Misconduct

Vega asserts that the prosecution withheld exculpatory evidence from the jury and misled the jury into believing that Vega was in possession and control of the contraband found in the vehicle in which he was riding. Vega also complains that the prosecution did not introduce statements from the driver of the vehicle and the driver's brother in which they admitted having possession and control of the contraband.[2] Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992).

Vega asserts that the prosecution should have informed the jury that the cocaine was concealed in a hidden compartment because this information would have served to mitigate Vega's level of responsibility. The prosecution did not suppress this information. The police officer who found the cocaine testified that the drugs and money were located in a compartment behind the vehicle's backseat. (3 Rep. R. 22-23, 27-28, 33). Moreover, Vega pleaded guilty to the offense of possession of a controlled substance with intent to deliver and to the related deadly weapon finding, so the fact that other people also may have admitted to being in possession or control of the contraband was immaterial. (3 Rep. R. 96-97). Vega has not demonstrated that the prosecutor's actions were improper or denied him due process. The state court's failure to grant relief on this claim was not contrary to or an unreasonable application of clearly established federal law.

    4.    Confrontation Clause

---

[2] Vega does not allege that the prosecutor withheld any of this information from the defense. *See generally Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Vega asserts that he was entitled to confront and cross-examine the confidential informant who told the police about the drug shipment. Under the Sixth Amendment, a criminal defendant has the right to be confronted with the witnesses against him. *Coy v. Iowa*, 487 U.S. 1012, 1015, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Whether a defendant's Confrontation Clause rights were violated is a mixed question of law and fact. *Fratta v. Quarterman*, 536 F.3d 485, 499 (5th Cir. 2008). In addition, Confrontation Clause violations are subject to harmless error analysis. *See id*. at 507-08. *See generally Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)(requiring petitioner to demonstrate that trial error resulted in actual prejudice). Habeas relief must be granted for a trial error only if it had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht,* 507 U.S. at 631, 113 S.Ct. at 1718.

Vega asserts that it was essential that he be allowed to impeach the informant and contradict the prosecutor, who implied that Vega was in possession of the drugs with an intent to sell them. The government is under no obligation to call witnesses even if they are informers. *Fitzpatrick v. Procunier*, 750 F.2d 473, 476 (5th Cir. 1985). Moreover, Vega pleaded guilty to possession of cocaine with an intent to deliver; therefore, the prosecutor was not relying on improper implications or inferences from an unproduced witness. As Respondent points out, there is no indication that Vega asked for or was denied an opportunity to subpoena the confidential informant, and there is no reason to believe the informant's testimony would have been favorable. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982). Vega has not demonstrated that the Texas Court of Criminal Appeals has acted unreasonably in rejecting his claim of a Confrontation Clause violation, nor can he show that the informant's absence had a substantial and injurious effect on the jury.

5.  Ineffective Assistance of Counsel

Vega contends that he was denied his Sixth Amendment right to the effective assistance of counsel both at trial and on appeal. The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. In the state sentencing context, the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been "significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993). Relevant factors include the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. *Dale v. Quarterman,* 553 F.3d 876, 880 (5th Cir. 2008).

The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id*. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674. In addition, claims of ineffective assistance are mixed questions of law and fact. *Id*. at 698, 104 S.Ct. at 2070. If the state court rejects complaints about counsel's performance, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the

facts.³  28 U.S.C. § 2254(d)(1).

Vega contends that defense counsel was ineffective in failing to challenge the prosecutor on issues related to Vega's possession and control of the drugs, possible misidentification by the confidential informant, and a lack of reasonable suspicion that tainted the warrantless search of the vehicle. Vega pleaded guilty to possession of more than 400 grams of cocaine with intent to deliver. A valid guilty plea waives all preceding non-jurisdictional defects including a claim of ineffective assistance of counsel unless the ineffective-assistance claim affects the voluntariness of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

To circumvent the bar created by his guilty plea, Vega asserts that counsel was ineffective because all of these issues could have been offered as mitigating evidence during the punishment phase. The available range of punishment was fifteen years to life imprisonment and a $250,000 fine. (Clerk's R. 27). Nine kilograms of cocaine worth at least $135,000 were found hidden in the vehicle that Vega was in, along with $15,000 in cash and two firearms. *Vega*, No. 2-05-299-CR, slip op. at 3. Nonetheless, counsel elicited testimony from the arresting officer that no drugs, money or weapons were found on Vega's person at the time of his arrest and that the drugs were concealed. (3 Rep. R. 32). Counsel also used Vega's acceptance of responsibility and his minimal participation in the offense in arguing for a less harsh sentence. (4 Rep. R. 5-9).

As for counsel's failure to present the confidential informant as a witness, complaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified

---

³ Vega complains that the state court made no express findings related to either prong of *Strickland*, but the district court must apply a presumption of correctness even to unarticulated findings that are necessary to the state court's conclusion on an issue of mixed law and fact. *See Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003).

to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Brooks v. Estelle*, 697 F.2d 586 (5th Cir. 1982). Vega presents no evidence of what the confidential informant might have testified to had he been called. Vega has not established that but for counsel's acts or omission, he would have received a significantly less harsh punishment.

Vega also claims that counsel coerced him into pleading guilty to conceal his own lack of preparation for trial.[4] (State Habeas R. 20). Ineffective assistance of counsel that satisfies the *Strickland* test may render a guilty plea involuntary. *See Diaz v. Martin*, 718 F.2d 1372, 1378 (5th Cir. 1983). *See also Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed. 203 (1985) (applying *Strickland* to complaints of counsel's performance related to client's decision to plead guilty). The duty of an attorney to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz,* 733 F.2d 371, 374 (5th Cir. 1984); *Moya v. Estelle,* 696 F.2d 329, 332 (5th Cir. 1983). A defendant who pleads guilty can satisfy the prejudice prong of *Strickland* only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

When he entered his plea, Vega affirmed in open court that he was pleading guilty because he was guilty, that he had not been promised a reward or threatened in any way, and that he was pleading guilty voluntarily and of his own free will. (2 Rep. R. 9). He also stated that he understood that he faced a sentence between 15 and 99 years or life in prison and a $250,000 fine.

---

[4] Vega also alleges that he was not fully advised that he was subject to deportation based on his plea. Vega did not exhaust this claim by presenting it first to the state's highest court. *See* 28 U.S.C. § 2254(b), (c); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is not met if a petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384,387 (5th Cir. 1998). Moreover, the Fifth Circuit has determined that the failure to warn of possible deportation relates to a collateral consequence of the criminal process and hence counsel's alleged failure to advise his client about deportation does not amount to ineffective assistance of counsel. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993).

(2 Rep. R. 9-10). Defense counsel affirmed that he believed his client was competent to stand trial. (2 Rep. R. 9). The trial court accepted Vega's plea as freely and voluntarily made, (2 Rep. R. 11, 97), and Vega has not rebutted the record with anything more than his self-serving statements.

Solemn declarations in open court carry a strong presumption of verity. *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000). Thus, the representations of the defendant and counsel, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in subsequent collateral proceedings. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). The record confirms that defense counsel provided adequate assistance during the plea proceedings and that Vega understood the consequences of his plea and entered his plea knowingly and voluntarily. Vega has failed to establish that the state court unreasonably applied clearly established federal law in rejecting his claims of ineffective assistance of counsel at trial.

Vega also challenges the effectiveness of appellate counsel. Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985). Appellate counsel's performance is judged under the same test that governs a review of trial counsel's performance. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000). *See generally Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070.

Vega contends that counsel failed to perfect his appeal, consult with him, or raise any appealable issues. Vega's claim of an unperfected appeal is meritless. The Texas Court of Appeal heard and decided Vega's appeal on its merits. *See Vega v. State*, No. 2-05-299-CR (Tex. App.–Fort Worth Nov. 30, 2006, pet. ref'd). Vega's claim that counsel failed to confer with him, even if true, states no basis for relief because there is no indication that Vega had any information

that could have changed counsel's appellate strategy.

In addition, counsel raised one ground on appeal related to the harshness of the punishment. *Vega*, No. 2-05-299-CR, slip op. at 1-2. Although Vega implies that there were other points that were omitted, he does not specify what those points might be or show that they would have been more successful than the ground that was presented. A defendant has no constitutional right to compel appointed counsel to press even non-frivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). Vega has failed to demonstrate that appellate counsel's performance was constitutionally deficient or that the state court acted unreasonably in rejecting his claims of ineffective assistance of counsel.

      6.      Sufficiency of the Evidence

Vega asserts that there is insufficient evidence to support a finding that he used or exhibited a deadly weapon. The standard of review for a challenge to the legal sufficiency of the evidence is whether, when viewed in the light most favorable to the verdict, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Vega pleaded guilty in front of the jury to the drug offense and related deadly weapon charge. (3 Rep. R. 96-97). Under Texas law, when a defendant pleads guilty before the jury, the plea itself establishes his guilt and renders evidence unnecessary and immaterial unless it affirmatively demonstrates his innocence. *See Nichols v. Scott*, 69 F.3d 1255, 1271 (5th Cir. 1995). In addition, the officer who stopped the vehicle in which Vega was riding testified that he observed the passenger in the back seat make furtive movements as if he were trying to conceal something.

(3 Rep. R. 16-17). When the officer examined the back seat of the vehicle, he found two loaded pistols under the seat. (3 Rep. R. 21-22). The officer identified Vega as the passenger in the back seat and testified that the pistols were within Vega's reach. (3 Rep. R. 19, 33). The evidence is legally sufficient to support the deadly weapon finding. *See Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)(explaining that use of firearm can refer not just to wielding firearm, but even its simple possession if such possession facilitates the associated felony).

7. Sentencing Error

Vega asserts that the trial court erred because he was not given a mandatory reduction of sentence under provisions of the United States Sentencing Guidelines. Vega is in state custody serving a sentence imposed under state law for a state felony offense. Federal sentencing guidelines are not applicable.

H. EVIDENTIARY HEARING

Vega requests an evidentiary hearing. There are statutory prerequisites for holding an evidentiary hearing:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). *See also Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 1488, 146

L.Ed.2d 435 (2000). Even if the statutory prerequisites are met, Rule 8 of the Rules Governing Section 2254 Cases vests the district court with discretion in conducting an evidentiary hearing. *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When the district court has sufficient facts before it to make an informed decision, it does not abuse its discretion in declining to hold an evidentiary hearing. *Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000).

Vega contends that a hearing is required because the state court did not address his individual claims and made no findings of fact on the record. The absence of a written opinion is not persuasive because a federal habeas court is authorized only to review the reasonableness of a state court's ultimate decision, not its written opinion explaining that decision. *Pondexter v. Dretke*, 346 F.3d 142, 148-49 (5th Cir. 2003); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002)(en banc). In addition, the presumption of correctness afforded to a state court's findings of fact extends to both the express findings and implicit findings by that court. *Garcia*, 454 F.3d at 444. Vega has not demonstrated his entitlement to a hearing under Section 2254(e)(2) or that the district court should exercise its discretion in favor of a hearing.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied. The request for an evidentiary hearing should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until April 2, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until April 2, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED MARCH 12, 2009.


    /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE