IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| ELIAS VEGA, | § |
| | § |
| Applicant, | § |
| | § |
| VS. | § NO. 4:08-CV-213-A |
| | § |
| NATHANIEL QUARTERMAN, | § |
| DIRECTOR, TEXAS DEPARTMENT | § |
| OF CRIMINAL JUSTICE, | § |
| CORRECTIONAL INSTITUTIONS | § |
| DIVISION, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Elias Vega ("Vega") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On March 12, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any thereto, by April 2, 2009. Vega timely filed his objections, and respondent made no further response.

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As characterized by the magistrate judge, Vega asserts the following bases for relief in his application: (1) denial of due process during the state habeas proceeding; (2) his conviction resulted from illegal search and seizure; (3) withholding of exculpatory evidence and misleading the jury (prosecutor misconduct); (4) violation of the Confrontation Clause; (5) ineffective assistance of counsel at trial and on appeal; (6) insufficient evidence; and (7) sentencing error. The magistrate judge also denied Vega's request for an evidentiary hearing.

1.  <u>State Habeas Proceedings</u>

Vega offered no specific objections to the magistrate judge's finding that alleged errors in a state habeas proceeding constitute no grounds for relief in federal court. Vega offers several citations to case law but does not explain how any of

2

those citations are pertinent to the FC&R on this claim for relief. Further, although Vega objects that the Texas Court of Criminal Appeals did not address the merits of his claim, as explained in the FC&R, that court denied his application without written order, which constitutes an adjudication on the merits under Texas law. See Jordan v. Dretke, 416 F.3d 363, 367 n.5 (5th Cir. 2005).

2. Illegal Search and Seizure

Because Vega had an opportunity to fully litigate his Fourth Amendment illegal search and seizure claim, such is not cognizable on habeas review. See ShisInday v. Quarterman, 511 F.3d 514, 524-25 (5th Cir. 2007). Vega's objections again consist primarily of citations to, and apparent quotations or statements from, case law, none of which address the FC&R on this point. This objection is without merit.

3. Prosecutor Misconduct

Vega's objection on this point essentially reargues the original grounds from his application, and he offers nothing but conclusory assertions to support his contention that the prosecutor suppressed evidence. As set forth in the FC&R, the police officer who discovered the contraband appeared at the trial on punishment, testified that he found the drugs and money

3

hidden in a compartment behind the vehicle's back seat and, upon cross-examination by Vega's counsel, admitted he found no drugs or money on Vega at the time of his arrest. Further, Vega pleaded guilty to the offense of possession of a controlled substance with intent to deliver and to the related firearm charge, so whether his co-defendants also admitted to possession or control of the contraband was immaterial. Vega's objections, again consisting mostly of quotations or summaries from case law, are without merit.

4. <u>Confrontation Clause</u>

None of Vega's objections address the magistrate judge's findings and conclusion. Although Vega mentions the magistrate judge's statement that he was required to show trial errors had a substantial and injurious effect, he offers nothing to show the existence of such errors or any substantial and injurious effect.

5. <u>Ineffective Assistance of Counsel</u>

Ineffective assistance of counsel claims are governed by the familiar standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984), requiring Vega to show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the

4

result of the proceedings would have been different. Judicial scrutiny of this type of claim must be highly deferential, and the applicant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.

The magistrate judge found that Vega had failed to establish that the state court unreasonably applied clearly established federal law in rejecting his claims of ineffective assistance of counsel at trial. In his objections Vega quotes from several cases regarding mitigating evidence and reargues that his attorney should have presented mitigating evidence. In his closing arguments, Vega's attorney repeatedly reminded the jury that no drugs or firearms were actually found in Vega's possession, that Vega had accepted responsibility, and that he had an extremely minimal role in the criminal activity. 4 Rep. R. at 5-9. Vega offers no other mitigating evidence his attorney could have uncovered, other than the confidential informant, and he offers no allegation as to what the informant would have testified to had he been located. The remainder of Vega's quotations from case law and self-serving, conclusory assertions fail to overcome the strong presumption that his

counsel's conduct was well within the range of reasonable professional assistance.

As to his claim of ineffective assistance on appeal, Vega makes no specific objections to the magistrate judge's findings but again supplies several statements from various cases with no indication of how those statements apply to the present case. The court need not consider such non-specific objections. Battle, 834 F.2d at 421.

6 and 7. Sufficiency of the Evidence and Sentencing Error

Vega raised no objection to the FC&R on these grounds. Accordingly, these claims are waived.

8. Evidentiary Hearing

The magistrate judge found that Vega had not shown his entitlement to a hearing under 28 U.S.C. § 2254(e)(2) or any reason why the court should exercise its discretion to hold such a hearing. Vega's objections offer nothing as would demonstrate otherwise.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the application of Vega for writ of habeas corpus pursuant to 28

U.S.C. § 2254 be, and is hereby, denied.

SIGNED June 5, 2009.

_____
JOHN MCBRYDE
United States District Judge